UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ELAINE PACHTER,

                      Plaintiff,                          03 Civ. 10239 (RPP)

   - against -                          **OPINION AND ORDER**

BERNARD HODES GROUP, INC.,

                      Defendant.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

The Plaintiff, Elaine Pachter, brings this action against her former employer, Bernard Hodes Group, Inc., alleging that the formula used to calculate her compensation violated New York Labor Law § 193. On November 1, 2004, both the Plaintiff and the Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. On January 13, 2005, this Court heard argument on the two summary judgment motions on the liability issues only. For the following reasons, the Defendant's and the Plaintiff's motions for summary judgment are granted in part and denied in part.

**BACKGROUND**

The Plaintiff worked as an account representative for the Defendant from April 1992 until December 2003. (Def.'s 56.1 Stmt. ¶ 3.) The Defendant is a "recruitment marketing and staffing services company." (Id. ¶ 2.) Companies hire the Defendant "to create and implement marketing strategies to attract new employees." (Id. ¶ 2.)

The Defendant compensated the Plaintiff in the form of commissions. (Pl.'s 56.1 Stmt. ¶ 5.) The Plaintiff received monthly Commission Statements ("Statements") that set forth the formula the Defendant used to calculate her compensation. (Def.'s 56.1

Stmt. ¶ 7.) Under the Plaintiff's compensation arrangement, she initially received six percent, and later six and one-half percent, of the gross billings for media advertisements she placed for clients. (Id. ¶¶ 13, 14.) The Plaintiff also received a percentage share of the billings for "services related to preparing and producing media and other miscellaneous services" ("Other Billings"). (Id. ¶ 15.) Beginning in May 1998, the Statements refer to the Plaintiff's share of both types of billings as "Total Income." (Pl.'s Statements, attached as Ex. C to Def.'s 56.1 Stmt.)

The Plaintiff's Statements also demonstrate that she was held responsible for a number of "Charges," which the Defendant subtracted from the Plaintiff's "Total Income" to calculate the Plaintiff's "Commissions Payable." Depending on the Statement, these "Charges" were comprised of: finance charges for the Plaintiff's clients' unpaid bills ("Finance Charges") (id. ¶ 17); errors made by the Plaintiff in placing or purchasing the media[1] ("Errors") (id. ¶ 18); half of any debts that the Plaintiff's clients were unable to pay ("Bad Debt") or unwilling to pay for reasons other than Errors ("Unbillables") (id. ¶ 20); a percentage of the salary of an assistant who worked with the Plaintiff (id. ¶ 21); and other miscellaneous costs for travel, entertainment, marketing, and out-of-pocket expenses (id. ¶ 22).[2]

The Plaintiff never agreed in writing to the "Charges" that appeared on her Statements. (Pl.'s 56.1 Stmt. ¶ 14.) In 1996, the Plaintiff wrote a letter to the Defendant

---

[1] The Plaintiff and the Defendant split the costs of the Errors equally from 1993 until July 2000, at which time the Defendant informed the Plaintiff that she would be charged for 100 percent of the Errors going forward. (Id. ¶ 19.)

[2] The Plaintiff was also charged for legal fees incurred by the Defendant in connection with the Plaintiff's accounts. However, as the Defendant and the Plaintiff agree, the Plaintiff's Statements reflect that she was not charged for legal fees after 1997. (Id. ¶ 23; Pl.'s 56.1 Counter Stmt. ¶ 23.)

2

explaining that she had "concerns" about her compensation formula; however, the compensation formula remained the same throughout the Plaintiff's remaining years as an employee for the Defendant. (Def.'s 56.1 Stmt. ¶¶ 10, 12.)

The Plaintiff initiated this action by filing a Complaint on December 29, 2003. The Complaint contains twelve claims for relief, six of which the Plaintiff has chosen not to pursue.[3] The remaining six claims are all brought pursuant to Section 193 of Article 6 of the New York Labor Law ("Section 193"). The Plaintiff claims that the Defendant violated Section 193 by making the following deductions from her wages: (1) deductions for assistants' salary and benefits (First claim); (2) deductions for Finance Charges (Third claim); (3) deductions for Errors and Bad Debt (Fifth claim); (4) deductions for Unbillables (Seventh claim); (5) deductions for legal fees (Ninth claim); and (6) deductions for other amounts (Eleventh claim). Both the Plaintiff and the Defendant moved for summary judgment on November 1, 2004.

**DISCUSSION**

**I.     Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party to establish that there are no genuine issues of material fact in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). A court deciding a motion for summary

---

[3] The six unpursued claims mirror the six remaining claims except that the Plaintiff claimed that the six types of deductions constituted a breach of contract and a breach of the implied covenant of good faith and fair dealing.

3

judgment must view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in his or her favor. See Young v. County of Fulton, 160 F.3d 899, 901 (2d Cir. 1998). "When no rational juror could find in favor of the non-moving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1223-24 (2d Cir. 1994) (citation omitted). Lastly, where, as here, the parties submit cross motions for summary judgment, a court need not "grant judgment as a matter of law for one side or the other," but "must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993) (citations omitted).

**II.      New York Labor Law Claims**

The Plaintiff alleges that the Defendant made six different types of deductions from her earned commissions, each of which violated Section 193 of Article 6 of the New York Labor Law ("Section 193"). The Defendant's argument in response is two-fold. First, the Defendant argues that the Plaintiff is barred from recovery under Section 193 because she acted in an executive or administrative capacity and, therefore, was not a covered "employee" as that term is used in Article 6. Second, the Defendant argues that, even if the Plaintiff is covered by the Labor Law, it did not violate Section 193 when it calculated the Plaintiff's compensation.

**A. Is the Plaintiff an "Employee" Under Labor Law Section 193?**

The Defendant's first argument in support of its motion for summary judgment is that the Plaintiff's Labor Law claims must be dismissed because she worked in an executive or administrative capacity and, therefore, was not an "employee" as that term is

used in Section 193. The Plaintiff does not dispute whether she acted in an executive or administrative capacity; rather, she contends that executives and administrators are "employees" for the purpose of Section 193.

Section 190 of the Labor Law provides the definitions that apply throughout Article 6, which includes Section 193. The term "employee" is defined as "any person employed for hire by an employer in any employment."[4] N.Y. Lab. Law § 190(2). Courts analyzing the scope of the term "employee" as it is defined in Section 190(2) and used throughout Article 6 have disagreed about whether it includes executives, administrators, and managers. Relying on language in a 1993 New York Court of Appeals case, Gottlieb v. Kenneth D. Laub & Co., Inc., 82 N.Y.2d 457 (1993),[5] some courts have held that the definition of "employee" in Section 190(2) does not include executives and administrators. See, e.g., Rice v. Scudder Kemper Invs., Inc., No. 01 Civ. 7078 (RLC), 2003 U.S. Dist. LEXIS 14239 (S.D.N.Y. Aug. 14, 2003); Kaplan v. Aspen Knolls Corp., 290 F. Supp. 2d 335 (E.D.N.Y. 2003); Deleonardis v. Credit Agricole Indosuez, No. 00 Civ. 0138 (HB), 2000 U.S. Dist. LEXIS 16506 (S.D.N.Y. Nov. 15, 2000); Alter v. Bogoricin, No. 97 Civ. 0662 (MBM), 1997 U.S. Dist. LEXIS 17369

---

[4] Section 190 also defines four sub-categories of employees—"manual worker," "railroad worker," "commission salesman," and "clerical or other worker." N.Y. Lab. Law § 190(4)-(7). Two of these sub-categories specifically exclude executives or administrators—the definition of "commission salesman" excludes "an employee whose principal activity is of a supervisory, managerial, executive or administrative nature," id. § 190(6), and the definition of "clerical or other workers" excludes "any person employed in a bona fide executive, administrative or professional capacity whose earnings are in excess of six hundred dollars a week," id. § 190(7).

[5] In Gottlieb, the Court of Appeals held that "remedies provided in [N.Y. Lab. Law] section 198 were intended to be limited to claims based upon substantive violations of [Article 6]." 82 N.Y.2d at 463. The court also stated that "except for manual workers, all other categories of employees entitled to statutory protection under Labor Law § 191 are limited by definitional exclusions of one form or another for employees serving in an executive, managerial or administrative capacity." Id. at 461. The court further stated that Article 6 does not provide any remedy for employees who are in other respects excluded from wage enforcement protection. Id. at 462.

5

(S.D.N.Y. Nov. 6, 1997); Cohen v. Fox-Knapp, Inc., 226 A.D.2d 207, 640 N.Y.S.2d 554 (1st Dept. 1996).

On the other hand, since Gottlieb, a number of courts have continued to follow the pre-Gottlieb majority view that the term "employee" in Article 6 excludes executives and administrators only when the substantive section of Article 6 expressly so states.[6] See, e.g., Miteva v. Third Point Management Co., LLC, 323 F. Supp. 2d 573 (S.D.N.Y. 2004); Parker v. Revlon, Inc., 211 A.D.2d 415, 621 N.Y.S.2d 306 (1st Dept. 1995); Cohen v. Stephen Wise Free Synagogue, No. 95 Civ. 1659 (PKL), 1996 U.S. Dist. LEXIS 4240 (S.D.N.Y. Apr. 4, 1996); Tuttle v. Geo. McQuesten Co., 227 A.D.2d 754, 642 N.Y.S.2d 356 (3d Dept. 1996).

In a recent case that addressed precisely this issue, Miteva v. Third Point Management Co., LLC, a plaintiff alleged, inter alia, that her former employer made deductions from her salary in violation of Section 193. The employer moved for summary judgment on the Section 193 claim, arguing that the plaintiff was barred from recovery under Article 6 because she was an "executive or professional."

After engaging in a thorough and comprehensive analysis of whether executives, managers, administrators, supervisors, and professionals are covered by Article 6—which included a review of the use of the defined term "employee" in Article 6 and elsewhere in

---

[6] Prior to Gottlieb, most courts interpreted the Article 6 definition of "employee" to include executives, administrators, and professionals unless explicitly excluded. See, e.g., Daley v. The Related Cos., Inc., 179 A.D.2d 55, 581 N.Y.S.2d 758 (1st Dept. 1992); Metchick v. Bidermann Indus., No. 91 Civ. 2329 (PNL), 1993 U.S. Dist. LEXIS 4278 (S.D.N.Y. Apr. 7, 1993); Lumet v. SMH (U.S.), Inc., No. 91 Civ. 3369 (KMW), 1992 U.S. Dist. LEXIS 18545 (S.D.N.Y. Dec. 4, 1992); Evans v. Ocwen Fin. Corp., No. 89 Civ. 7884 (LMM), 1993 U.S. Dist. LEXIS 11558 (S.D.N.Y. Aug. 19, 1993); Falk v. FFF Industries, 731 F. Supp. 134 (S.D.N.Y. 1990); Gerlach v. Horn & Hardart Co., 683 F. Supp. 342, 346 (S.D.N.Y. 1988); Dean Witter Reynolds, Inc. v. Ross, 75 A.D.2d 373, 429 N.Y.S.2d 653, 657 (1st Dept. 1980). But see Conticommodity Serv., Inc. v. Haltmier, 67 A.D.2d 480, 416 N.Y.S.2d 298, 299 (2d Dept. 1979); Nicoletti v. E.F. Hutton & Co., 761 F. Supp. 312, 314 (S.D.N.Y. 1991).

the Labor Law, the legislative history accompanying the enactment of Article 6, the purposes of Article 6, and the pre- and post-Gottlieb case law addressing the definition of "employee" in Article 6—Judge Marrero concluded that the Gottlieb court's discussion about the scope of the term "employee" was

> confined to employees entitled to protection under Labor Law § 191. In fact, nothing in the Gottlieb opinion excludes managers or professionals from recovery under Article 6 generally.

Miteva, 323 F. Supp. 2d at 585 (citation omitted) (emphasis in original).

Thus, Judge Marrero held that because the definition of "employee" in Section 190(2) of Article 6 does not categorically exclude executives, professionals, managers, and administrators, those types of employees are protected by the sections of Article 6 that do not explicitly exclude them. Id. at 585. A plain reading of Article 6 supports the conclusion in Miteva. Accordingly, because Section 193 does not by its terms exclude employees who function in an executive or administrative capacity, the Plaintiff is protected by Section 193 and the Defendant's first argument in support of its summary judgment motion, and in opposition to the Plaintiff's summary judgment motion, fails.

**B. Did the Defendant Violate Section 193 of the Labor Law When it Calculated the Plaintiff's Compensation?**

The Defendant next argues that its motion for summary judgment should be granted because its formula for calculating the Plaintiff's compensation did not violate Section 193. The Plaintiff, on the other hand, contends that the Defendant's calculation did violate Section 193 and, for that reason, summary judgment should be granted in the Plaintiff's favor. The parties agree that none of the material facts are in dispute.

7

Section 193 strictly limits an employer's ability to make deductions from an employee's wages. That section states, in relevant part, the following:

> 1. No employer shall make any deduction from the wages of an employee, except deductions which:
>    a. are made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency; or
>    b. are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file in the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.
> 2. No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

N.Y. Lab. Law § 193(1)-(2). The term "wages" is defined, in relevant part, as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Lab. Law § 190(1).

The parties do not dispute that the Plaintiff consented—either orally or through her course of conduct—to the compensation formula by which the Defendant calculated her pay and that the Defendant complied with this formula in all respects. Nor do the parties dispute that the Plaintiff's compensation formula involved reductions from her commission income for various "Charges." Thus, the sole issue here is whether the formula that the Defendant used to calculate the Plaintiff's compensation violated Section 193.

Before reaching this issue, the Court notes that the Plaintiff does not contest the Defendant's assertion that the Defendant made no subtractions from the Plaintiff's

8

compensation for legal fees during the six-year period prior to December 29, 2003, which is the day on which she filed the Complaint. (Pl.'s 56.1 Counter Stmt. ¶ 23.) Because claims pursuant to Section 193 must be brought within six years of the alleged violation,[7] the Plaintiff's claim regarding legal fees that were subtracted from her compensation (the Ninth claim for relief) is time-barred and dismissed.

With regard to the Plaintiff's five remaining Labor Law claims, the Defendant argues that its subtraction of various "Charges" from the Plaintiff's "Total Income" did not violate Section 193 because the Plaintiff agreed to include the subtractions in the course of the Defendant's calculation of her compensation. In other words, the Defendant contends that under the terms of the Plaintiff's employment agreement, her "wages," as that term is used in Section 193, consisted of her "Total Income" minus "Charges," not merely her "Total Income." Thus, the Defendant states that it made no deductions from the Plaintiff's wages. In contrast, the Plaintiff argues that, regardless of whether she consented to the compensation formula at the time of her hiring or through her course of conduct during the employment relationship, the Defendant violated Section 193 by reducing her compensation to reflect some of its business expenses.

The Defendant argues that its position is supported by <u>Dean Witter Reynolds Inc. v. Ross</u>, 75 A.D.2d 373, 429 N.Y.S.2d 653 (1st Dept. 1980), in which the court held that an employer did not violate Section 193 when it reduced an employee's compensation for costs related to margin extensions, long-distance telephone calls, and losses due to errors. After finding that the subtractions were made from discretionary "incentive compensation" for the employee and not from his fixed salary, the court concluded that

---

[7] "[A]n action to recover upon a liability imposed by [Article 6] must be commenced within six years." N.Y. Lab. Law § 198(3).

9

the deductions did not violate Section 193 because they were made in the course of calculating the employee's "incentive compensation" and, therefore, they were not taken out of the employee's "wages."[8] See Dean Witter, 75 A.D.2d at 381-82. The Defendant states that Dean Witter is "directly on point," (Def.'s Mem. at 12), because it "holds that only after the agreed-upon calculations have been made is the result the earned or vested wage to which the employee is entitled, and from which no deductions can be made contrary to § 193." (Def.'s Reply Mem. at 4.) As the Defendant acknowledges, however, the Plaintiff is in a different position than the employee in Dean Witter—the Plaintiff received no guaranteed base salary and the subtractions were made from her commissions, which were her sole form of compensation, not from bonus payments or incentive compensation.

The Defendant also urges this Court to follow Dwyer v. Burlington Broadcasters, Inc., 295 A.D.2d 745, 744 N.Y.S.2d 55 (3d Dept. 2002), and Simas v. Merrill Corp., No. 02 Civ. 4400 (RCC), 2004 U.S. Dist. LEXIS 1415 (S.D.N.Y. Feb. 4, 2004), and dismiss the Plaintiff's claims because the Defendant calculated the Plaintiff's compensation in accordance with her agreed-upon terms of employment. In Dwyer, an employee sought commissions on radio advertisements that she had sold but which were not broadcast until after her employment terminated. The court ruled that the employer did not violate Section 191 of Article 6 because, under the terms of the employment agreement, the employee had not become entitled to payment for receipts for advertisements that became

---

[8] Although incentive compensation and bonuses constitute "wages" under the Labor Law once they become vested, Truelove v. Northeast Capital & Advisory Inc., 95 N.Y.2d 220, 224-25 (2000), the Dean Witter court found that the incentive compensation at issue there was not part of the employee's "wages" because the employee did not yet have a vested interest in the additional compensation, Dean Witter, 75 A.D.2d at 381.

10

due after her employment terminated. See Dwyer, 295 A.D.2d at 746. In Simas, an employee brought suit under Section 191 challenging, inter alia, his employer's refusal to pay commissions on sales for which no revenues had been collected yet. As in Dwyer, the court ruled against the employee after determining that the employer had complied with the employee's agreed-upon terms of employment. See Simas, 2004 U.S. Dist. LEXIS 1415, at *13.

Although the employees in Dwyer and Simas both challenged subtractions from their compensation, those cases do not address the issue presented here. In Dwyer and Simas, the employees brought claims pursuant to Section 191, which governs the frequency of wage payments, not Section 193, which governs deductions from wages. Section 191 states that a "commission salesman" must be paid "in accordance with the agreed terms of employment," so long as the agreement complies with the broad terms of Section 191. N.Y. Lab. Law § 191. Thus, when presented with claims to enforce Section 191, the courts in Dwyer and Simas looked to the terms of the employment agreement as to timeliness of payment and, after determining that the employer had paid the employee in accordance with those terms, found no Section 191 violation.

In the instant matter, the Plaintiff is seeking to enforce Section 193, not Section 191. Unlike Section 191, Section 193 does not refer to the employee's agreed terms of employment. Instead, it simply states that "[n]o employer shall make any deduction from the wages of an employee" and "[n]o employer shall make any charge against wages, or require an employee to make any payment by separate transaction" aside from the limited types of charges or payments expressly permitted by Section 193. N.Y. Lab. Law § 193. Moreover, New York courts have held that an employee cannot waive the

11

protections of Section 193 through an agreement with an employer. See Genves v. Yellow Book of New York, Inc., 3 Misc. 3d 519, 776 N.Y.S.2d 758, 759 (Sup. Ct., Nassau Co. 2004) ("[T]he protective provisions of § 193 cannot be waived."); Weiner v. Diebold Group, 173 A.D.2d 166, 167-68, 568 N.Y.S.2d 959 (1st Dept. 1991) (stating that New York's public policy prohibits agreements between employees and employers that provide for the forfeiture of wages). Thus, Section 193 cannot be read to establish the same level of deference to the agreed-upon terms of employment as mandated by Section 191.

As the New York Court of Appeals has stated, Article 6 of the Labor Law was "enacted to strengthen and clarify the rights of employees to the payment of wages." Truelove v. Northeast Capital & Advisory, Inc., 95 N.Y.2d 220, 223 (2000). To allow employers to prove an employment agreement permitting deductions from commissions, other than those expressly permitted by Section 193, would permit employers to do precisely what Section 193 forbids them to do. Concluding otherwise would permit an employer to establish and modify terms of employment that deny the protection of Section 193 to employees, like the Plaintiff, whose earnings are based solely on commissions.

This conclusion is consistent with other interpretations and applications of Section 193. For example, a 1992 opinion letter issued by the New York State Department of Labor explains that "[t]he Department of Labor interprets Section 193 as prohibiting an employer from requiring an employee to assume responsibility for expenses which are part of the employer's costs of doing business." (N.Y. Dept. of Labor Opinion Letter, dated May 8, 1992, attached as Ex. 5 to Pl.'s 56.1 Stmt.) In addition, the New York

Court of Appeals has stated that Section 193 "was intended to place the risk of loss for such things as damaged or spoiled merchandise on the employer rather than the employee." Hudacs v. Frito-Lay, Inc., 90 N.Y.2d 342, 660 N.Y.S.2d 700 (1997). Lower courts have also found that employers violate Section 193 when they make subtractions from an employee's compensation because of the employee's poor performance. See, e.g., Burke v. Steinman, No. 03 Civ. 1390 (GEL), 2004 U.S. Dist. LEXIS 8930, at *20 (S.D.N.Y. May 18, 2004) (stating that under Section 193, "employers may not assert a claim for damages against an employee for the employee's alleged negligent acts, or sue employees for lost profits caused by alleged poor performance"); Cohen v. Stephen Wise Free Synagogue, No. 95 Civ. 1659 (PKL), 1996 U.S. Dist. LEXIS 4240 (S.D.N.Y. Apr. 4, 1996) (stating that Section 193 prohibits deductions based upon assertion that employee's poor job performance caused financial harm to employer); Gennes v. Yellow Book of New York, Inc., 3 Misc. 3d 519, 521, 776 N.Y.S.2d 758 (Sup. Ct., Nassau Co. 2004) (holding "that the defendant cannot charge its employees against monies already earned for failure to renew accounts"); Guepet v. Int'l TAO Sys., Inc., 110 Misc. 2d 940, 940-42, 443 N.Y.S.2d 321 (Sup. Ct., Nassau Co. 1981) ("Nowhere does [Section 193] permit an employer to make contemporaneous deductions from wages because an employee failed to perform properly."). Similarly, an employer violates Section 193 when it reduces an employee's wages to reflect a client's failure to pay for goods or services rendered. See Edlitz v. Nipkow & Kobelt, Inc., 264 A.D.2d 437, 694 N.Y.S.2d 439 (2d Dept. 1999).

In view of Section 193's express terms, case law, and lack of any language in that section instructing courts to defer to the employment agreement, subtractions like those

made by the Defendant are prohibited by Section 193 notwithstanding the Plaintiff's consent to the terms of the compensation formula. The Plaintiff could not waive the protections of Section 193, and the Defendant was not permitted to do indirectly what it could not do directly. Accordingly, the Plaintiff's compensation formula did not comport with Section 193, and summary judgment is granted in the Plaintiff's favor on the First, Third, Fifth, Seventh, and Eleventh claims for relief.

## CONCLUSION

For the foregoing reasons, summary judgment is granted in the Plaintiff's favor with regard to her First, Third, Fifth, Seventh, and Eleventh claims for relief, and summary judgment is granted in the Defendant's favor with regard to the Plaintiff's Ninth claim for relief. On or before September 15, 2005, the Plaintiff shall submit a proposed judgment, on notice to the Defendant, that sets forth proposed damages, together with an affidavit that explains the bases for the proposed amounts. The Defendant shall submit any opposition or objections on or before September 25, 2005.

IT IS SO ORDERED.

Dated: New York, New York
August 25, 2005

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion and Order sent to:

*Counsel for Plaintiff:*

Gangemi, Mango & Iacoviello, LLP
The Pennsylvania Building
14 Penn Plaza, Suite 2200
New York, NY 10122
By: Salvatore G. Gangemi
Tel: 212-695-5454
Fax: 212-695-0797


*Counsel for Defendant:*

Davis & Gilbert LLP
1740 Broadway
New York, NY 10019
By: Robert H. Cohen
Tel: 212-468-4800
Fax: 212-468-4888